UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| EDWARD SMITH, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:10-CV-2238 CAS |
| JENNIFER M. JOYCE, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Edward Smith, Jr. (registration no. 186164), an inmate at Missouri Eastern Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $11.32. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. §

1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $56.58, and an average monthly balance of $15.05. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $11.32, which is 20 percent of plaintiff's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 and for violations of the Missouri Constitution. Named as defendants are Jennifer M. Joyce (Circuit Attorney), Mary Fox (Supervisor

of the Public Defender's Office), Christina Sondermann (Assistant Circuit Attorney), Jeffrey W. Ernst (same), Christopher Faerber (Assistant Public Defender), and Lisa M. Stroup (same).

Plaintiff alleges that defendant Faerber represented him in criminal proceedings in the Circuit Court for the City of St. Louis. Plaintiff claims that Faerber waived formal indictment on his behalf without obtaining his signature on the waiver form. Plaintiff further claims that Faerber induced him into pleading guilty by promising him that he would serve only thirty-seven percent of his sentence. Plaintiff states that he pled guilty to the charges.

Plaintiff says that defendant Stroup represented him on his motion for post-conviction relief. Plaintiff claims that he asked Stroup to add to the amended motion a claim that he was never formally arraigned and that he did not sign the arraignment waiver, and plaintiff says that she refused to do so.

Plaintiff believes that these actions demonstrate a conspiracy between all of the defendants to deny him of his civil rights.

**Discussion**

A voluntary entry of a guilty plea with counsel present constitutes a waiver of formal arraignment under Missouri law. See Patrick v. State, 460 S.W.2d 693, 698 (Mo. banc 1970). As a result, to the extent that his plea was voluntary, plaintiff's claims against Faerber and Stroup regarding the deficiencies of the arraignment waiver are frivolous.

A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995);

-3-

Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). Plaintiff's claim that he was falsely promised that he would only serve thirty-seven percent of his sentence would, if proved, necessarily imply the invalidity of his conviction. As a result, this claim is Heck-barred. Moreover, to the extent that his plea of guilty was not voluntary, plaintiff's claim regarding the deficiencies of the arraignment waiver would imply the invalidity of his sentence, and this claim is Heck-barred as well.

Plaintiff's allegations regarding a conspiracy between the defendants are wholly conclusory and do not demonstrate a meeting of the minds between the defendants.

Furthermore, the complaint is legally frivolous as to defendants Joyce, Sondermann, and Ernst because where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996).

Finally, the complaint fails to state a claim upon which relief can be granted as to defendants Fox, Faerber, and Stroup because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981).

Because the Court will dismiss plaintiff's federal claims under 28 U.S.C. § 1915(e), the Court will dismiss plaintiff's state law claims under 28 U.S.C. § 1367(c).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $11.32 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED** as moot. [Doc. 4]

An Order of Dismissal will accompany this Memorandum and Order.

_/s/ Charles A. Shaw_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __20th__ day of December 2010.